FILED
SUPERIOR COURT
OF GUAM

2019 JAN 28 PM 1: 54

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE ANTONIO B. WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM | Special Proceeding No. SP0102-15 |
| Petitioner. | **DECISION AND ORDER** |

## INTRODUCTION

The operating authority of the Guam International Airport has petitioned the Court to seal transcripts of meetings associated with ongoing or threatened litigation, and retail store DFS Guam L.P. opposes those petitions. This matter is before the Honorable Michael J. Bordallo. Petitioner, the A.B. Won Pat International Airport Authority, Guam ("GIAA"), is an agency of the Government of Guam and is represented by Kathleen V. Fisher, Esq., Jay D. Trickett, Esq., and Genevieve P. Rapadas, Esq., of the law firm Calvo Fisher & Jacob LLP. Intervenor DFS Guam L.P. ("DFS") is represented by attorneys G. Patrick Civille and Joyce C.H. Tang of Civille & Tang, PLLC and William J. Blair of Blair Sterling Johnson & Martinez, PC. Having carefully reviewed the arguments, the Court hereby **GRANTS** GIAA's petitions to seal transcripts from the executive sessions, with the April 26 Transcript remaining subject to Judge Sukola's decision on the order to show cause for contempt.

## BACKGROUND

GIAA filed a petition on July 28, 2017 to seal transcripts of various executive session meetings held by GIAA's board of directors. This was GIAA's sixth such petition and will be referred to as the "Sixth Petition." The Court sealed the transcripts from GIAA's first five petitions but did not immediately seal the Sixth Petition transcripts. GIAA later submitted seventh and eighth petitions, which the Court sealed.

On Nov. 28, 2018, DFS asked GIAA for the transcript of the April 26, 2018 executive session ("April 26 Transcript"). At that point, GIAA had not petitioned for that transcript to be sealed. GIAA never gave DFS the transcript. DFS says this violated two transparency laws, the Open Government Law ("OGL") and the Sunshine Act. DFS claimed that GIAA misled the Court by filing a compliance report stating that it had complied with the OGL. On Dec. 14, 2018, DFS filed a motion ("Sukola Motion") for an order from the Honorable Judge Anita Sukola requiring GIAA to show cause why it should not be held in contempt for misleading the Court in the compliance report. DFS requested that Judge Sukola order the April 26 Transcript to be produced as a contempt sanction. The following week, on Dec. 20, 2018, GIAA submitted a ninth petition ("Ninth Petition") to seal a series of executive session transcripts, including portions of the April 26 Transcript. The next day, DFS filed a motion in opposition to that petition along with a motion to stay the petition until a final, non-appealable judgment is issued on the Sukola Motion. DFS is concerned that if the Court grants the Ninth Petition, it will preclude Judge Sukola from compelling production of the April 26 Transcript as a contempt sanction. On Jan. 9, 2019, GIAA filed an opposition to the motion for stay and a reply in support of the Ninth Petition.

# FACTS

1. Starting in 2015, GIAA routinely petitioned the Court to seal "executive session" transcripts from executive session meetings of the GIAA board of directors because the matters discussed in those meetings involved ongoing or threatened litigation. In response, the Court has sealed transcripts of many executive sessions. Antonio B. Won Pat International Airport Authority, Guam's (1) Opp'n to DFS Guam L.P.'s Mot. for Stay of GIAA's Req. to Seal Tr. Of April 26, 2018 Executive Session of GIAA's Board of Directors and (2) Reply in Supp. of GIAA's Ninth Supplemental Pet. To Seal Executive Session Transcripts of The Board of Directors.

2. On April 26, 2018, the GIAA board of directors held an executive session whose transcript is at the heart of the current dispute. Ex Parte Appl. To Shorten Time on Briefing Schedule and Hr'g on (1) Pet'r Antonio B. Won Pat International Airport Authority, Guam's Sixth and Ninth Supplemental Petitions to Seal and (2) Intervenor DFS Guam L.P.'s Mot. For Stay of GIAA's Pet. to Seal 2, Jan. 9, 2019.

3. As stated previously, GIAA petitioned the Court to seal some, but not all, of the April 26 Transcript. GIAA stated, "GIAA seeks only to seal the portions of the April 26, 2018 transcript reflecting discussions regarding those matters listed as other portions of the transcript contain discussions about litigation that is no longer pending." Ninth Supplemental Pet. To Seal Executive Session Transcripts of the Board of Directors 2 n.3.

4. The litigation matters discussed in the April 26 Transcript that GIAA petitions to be sealed include: "Dispute with Lotte Duty Free Guam, LLC." Id.

5. DFS moved to stay GIAA's request to seal portions of the April 26 Transcript. DFS has also petitioned that, even if this Court seals some portions of the April 26 Transcript, the

Court should not seal any portion that concerns a purported dispute between GIAA and Lotte Duty Free Guam, LLC ("Lotte"). DFS claims that there is no pending or threatened litigation between GIAA and Lotte, so that portion of the transcript cannot be sealed. DFS Guam, L.P.'s (1) Mot. for Stay of GIAA's Request to Seal Tr. of April 26, 2018 Executive Session of GIAA's Board of Directors and (2) Opp'n to GIAA's Request to Seal Tr. of April 26, 2018 Executive Session.

6. To emphasize that there could not be any pending or threatened litigation between GIAA and Lotte, DFS points to a Mediation Term Sheet, a document that, as DFS explains, "contains broad releases of liability by and between GIAA and Lotte." Id. at 3.

## ISSUE

1. Whether to grant the Sixth Petition and Ninth Petition requests to seal executive session transcripts, including portions of the April 26 Transcript, in spite of the pending Sukola Motion.

2. Whether to seal the portions of the April 26 Transcript associated with the purported dispute between GIAA and Lotte.

## PRINCIPLES OF LAW

The Sunshine Act of 1999 ("Sunshine Act") and the Open Government Law of Guam (OGL) protect the public's interest in being aware of public policy formation and decision making and the public's right to inspect public documents. The Sunshine Act states, "[e]very person has the right to inspect and take a copy of any public document on Guam, except as otherwise expressly prohibited in law, and except as provided in [5 G.C.A.] § 10108 of this Chapter." 5 G.C.A. § 10103. The OGL states, "[t]he people insist on remaining informed so that they may retain control over the instruments they have created." 5 G.C.A. § 8102. However, the public's right to access public documents is not absolute. The Sunshine Act prohibits the

disclosure of "[r]ecords pertaining to pending litigation to which the agency is a party, until the pending litigation has been finally adjudicated or otherwise settled." 5 G.C.A. § 10108(a). The Sunshine Act further provides that "[a]ll existing privileges or confidential records or other information expressly protected under the law shall not be abrogated by this Act." Id. at § 10108(i). Under the OGL, transcripts of executive sessions are automatically sealed for six months and then become public "unless there is a court order, further sealing the transcript." 5 G.C.A. § 8111(c)(7). If the court further seals a transcript, it may be "sealed for a period not exceeding six (6) months only if there is ongoing litigation over the matters discussed and release would prejudice the Agency, or if the court finds there is a strong likelihood of litigation concerning the subject matters within six (6) months." Id.

## ANALYSIS

The Court reviewed the transcripts of the executive sessions referenced in both the Sixth Petition and Ninth Petition and has determined that the matters discussed in those sessions are associated with ongoing litigation. Unsealing the transcripts now would prejudice GIAA and would violate 5 G.C.A. § 8111(c)(7). This includes the discussions in the April 26 Transcript about the purported dispute between GIAA and Lotte, despite the presence of the Mediation Term Sheet. Therefore, the Court orders the transcripts referenced in both the Sixth Petition and Ninth Petition to be sealed for another six months from the date of this order. The portions of the April 26 Transcript that GIAA asked to be sealed are sealed subject to Judge Sukola's decision regarding the Sukola Motion. If she decides to unseal those portions as a contempt sanction, this order sealing them will be vacated.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** GIAA's Sixth Petition and Ninth Petition to seal the transcripts of the corresponding executive sessions. The order to seal the portions of the April 26 Transcript remains in place so long as it does not conflict with Judge Sukola's decision on the Sukola Motion.

SO ORDERED, this _28th_ day of _____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

_Tou/Blas Sterling Johnson Martinez & Cano Tanaka Lacob._

Date: 28/19 Time: 2:30 p

_Linda M. Perez_
Deputy Clerk, Superior Court of Guam